United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSIE ARREDONDO-AGUILAR,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1529-1

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Josie Arredondo-Aguilar pleaded guilty in September 1994 to transporting undocumented aliens within the country for profit and was sentenced in December 2005 to 24 months of imprisonment, three years of supervised release, a $1,500 fine, and a $100 special assessment. In arriving at her sentence, the district court found that Arredondo-Aguilar intentionally or recklessly endangered the

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aliens she transported and enhanced her sentence under U.S.S.G. § 2L1.1(b)(5) based on that finding, which produced a guideline range of 24 to 30 months.

Arredondo-Aguilar appeals her sentence only. She argues that the enhancement was unconstitutional under *United States v. Booker*, 125 S.Ct. 738 (5th Cir. 2005) and the district court reversibly erred in sentencing her under a scheme where guideline sentences were mandatory; that the district court clearly erred in determining that she endangered the aliens; and, that her criminal history score was improperly calculated. We recently held that "[w]e do not believe the act of transporting four aliens lying in the cargo area of a minivan, with no aggravating factors, constitutes an inherently dangerous practice such as to create a substantial risk of death or serious bodily injury to those aliens." *United States v. Solis-Garcia*, ___ F.3d ___, No. 04-41439, 2005 WL 1870776, *4 (5th Cir. Aug. 9, 2005).

Arredondo-Aguilar objected to the § 2L1.1(b)(5) enhancement on the basis of *Blakely v. Washington*, 542 U.S. 296 (2004), stating that under *Blakely* "a sentencing scheme that permits a judge to make factual findings essential to an increase in punishment violates a defendant's Sixth Amendment right to a jury trial and his Fifth Amendment right to due process of law."[1] We note that

---

[1] At sentencing, the district court overruled this objection based on our July 12, 2004 opinion in *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), holding *Blakely* inapplicable to

2

the indictment alleged no facts tending to support the §
2L1.1(b)(5) enhancement, and that although most of the primary
facts relied on by the district court in imposing the enhancement
were admitted by Arredondo-Aguilar at the Rule 11 hearing, not all
the primary facts so relied on were admitted by her, and she never
admitted at the Rule 11 hearing or otherwise, and indeed at the
sentencing hearing she expressly denied, that the aliens were
exposed to a substantial risk of death or serious bodily injury
and that she acted intentionally or recklessly in that respect.
Moreover, the district court never advised Arredondo-Aguilar at the
Rule 11 hearing that her plea of guilty would waive any right she
might have to a jury determination of sentencing enhancement facts
not alleged in the indictment (other than prior convictions or
facts admitted by her) or to have such facts found or established
beyond a reasonable doubt; nor did the court make its enhancement
factual findings beyond a reasonable doubt.

The district court committed *Booker* error in its sentencing of
Arredondo-Aguilar. She preserved this contention by her objections
below. *United States v. Pineiro*, 410 F.3d 282, 284-85 (5th Cir.
2005). Therefore, the Government bears the burden of establishing,
beyond a reasonable doubt, that the error did not affect Arredondo-
Aguilar's sentence. *See id*. The Government has not met its
burden.

---

sentencing guideline cases.

3

Arredondo-Aguilar's conviction is AFFIRMED.  Her sentence is VACATED, and the matter is REMANDED for resentencing consistent with Justice Breyer's opinion in *Booker*.  Because we vacate and remand Arredondo-Aguilar's entire sentence, we need not and do not reach her other claims of error.  We note, however, that in arriving at the proper guideline range to be determined under the advisory guideline system called for in Justice Breyer's *Booker* opinion, the district court on resentencing should reconsider what suffices to establish enhancement under § 2L1.1(b)(5) in light of our opinion in *Solis-Garcia*.[2]

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR

RESENTENCING.

---

[2]  The district court should also consider that, as Arredondo-Aguilar argues (for the first time on appeal) and as the Government concedes, Arredondo-Aguilar should not have been assessed any criminal history points in respect to her August 26, 1996 conviction, and that without that conviction her criminal history category would have been II rather than III as calculated by the PSR and her guideline imprisonment range would likewise have been lower.

4